IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED CONSOLIDATED ENTERPRISES, INC., *et al.*, | : | CASE NO.: 20cv-4561 |
| | | JUDGE MORRISON |
| *Plaintiffs*, | : | MAGISTRATE VASCURA |
| v. | : | |
| HAYAT ALADWAN, | : | |
| *Defendant.* | : | |

**OPINION AND ORDER**

This matter is before the Court on two motions. First is Defendant's Motion for Relief from Default Judgment filed on February 15, 2021. (ECF No. 38). Second is Plaintiffs' February 25, 2021 Motion for Default Judgment. (ECF No. 41). Both motions are fully briefed and ripe for decision.

I. **Procedural Background**

Plaintiffs filed a Verified Complaint for Injunctive Relief and Damages and Motion for Temporary Restraining Order on September 2, 2020 against Defendant Hayat Aladwan. (ECF Nos. 1, 2). They allege that Plaintiff Amana Communications Group, LLC had hired Ms. Aladwan to work as Manager of its Accounts Payable department. (*Id.* ¶ 20). According to Plaintiffs, after she had worked for Amana for over a year, they learned that Ms. Aladwan had made fraudulent charges on business accounts and that she had taken confidential and sensitive information

1

(including trade secrets). (*Id.* ¶¶ 22-32). Plaintiffs terminated Ms. Aladwan's employment in August 2020. (*Id.* ¶ 28).

The Court held a preliminary conference on Plaintiffs' Motion for TRO on September 8, 2020, at which time Ms. Aladwan appeared by telephone and without counsel. After considering the Verified Complaint, Sameh Ayoub's declaration, and the Motion for TRO, the Court granted the requested TRO, ordered expedited discovery, and scheduled the matter for a hearing on Plaintiffs' Motion for a Preliminary Injunction ("the September 8 Order"). (ECF No. 6). The hearing on the Motion for Preliminary Injunction was subsequently moved on Ms. Aladwan's request to allow her to retain a lawyer and to deal with childcare issues. (ECF Nos. 8, 10).

Attorney Sanjay K. Bhatt entered an appearance on behalf of Ms. Aladwan on September 26, 2020. (ECF No. 11).

When Ms. Aladwan failed to comply with several aspects of the September 8 Order and failed to provide complete discovery responses, the Court held a telephonic conference on November 17. At that time, Ms. Aladwan was ordered to produce certain information and Plaintiffs were granted leave to file a motion for contempt and/or spoliation sanctions and a renewed motion for preliminary injunction. (ECF No. 17). Plaintiffs subsequently filed a Motion for Order Imposing Adverse Inference and Renewed Motion for Preliminary Injunction (ECF No. 18) as well as a Motion to Compel (ECF No. 20).

During this time, the parties were discussing service of the Complaint upon Ms. Aladwan, which lead to Plaintiffs' filing a Motion for Personal Service on Defendant. (ECF No. 21). That Motion was denied as moot because the Court found that Ms. Aladwan had forfeited the defense of insufficient service through her conduct in the case. (ECF No. 24). The Court then set a deadline of January 15, 2021 for Ms. Aladwan to answer the Complaint. (ECF No. 26). However, Ms. Aladwan did not file an answer by the deadline.

On January 25, 2021, Plaintiffs filed an application for the entry of default against Ms. Aladwan (ECF No. 32) and that application was granted in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 33).

Following the Court's entry of default, Ms. Aladwan filed a Motion for Relief from Default Judgment arguing that Plaintiffs had failed to comply with Rule 55(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 38). Attached to her Motion is a proposed answer. (*Id.*, Ex. 2). Plaintiffs oppose this Motion (ECF No. 40) and Ms. Aladwan has replied (ECF No. 42).

After Ms. Aladwan's Motion for Relief was filed, Plaintiffs filed a Motion for Default Judgment. (ECF No. 41). Ms. Aladwan opposes Plaintiffs' Motion (ECF No. 43) and they replied (ECF No. 44).

The Court will address the pending motions in the order that they were filed.

## II. Default and Default Judgments

Trials on the merits are favored in federal courts because default judgment is a "harsh sanction." *See*, *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d

839, 846 (6th Cir. 1983).

Rule 55 of the Federal Rules of Civil Procedure provides a two-step sequential process for obtaining a default judgment. First, a party must apply for and obtain an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). The clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." *Id.* Second, the party must either request the Clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), or, "[i]n all other cases, the party must apply to the court for a default judgment," Fed. R. Civ. P. 55(b)(2). The determination of whether or not to grant a motion for default judgment is committed to "the sound discretion of the court." *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55).

After an entry of default, the factual allegations in the complaint are taken as true as to liability. *Bogard v. Nat'l Credit Consultants*, No. 1:12 CV 02509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013); *see also In re Family Resorts of Am., Inc.*, 972 F.2d 347, 1992 WL 174539, at *4 (6th Cir. July 24, 1992) (citation omitted) ("Upon entry of default, only those well-pleaded allegations relating to liability are taken as true.") The Court must still determine whether the facts alleged in the complaint "are sufficient to state a claim for relief as to each cause of action for which [plaintiffs] seek[ ] default judgment." *J & J Sports Prods., Inc. v. Rodriguez*,

4

No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008).

As to damages, the entry of default is not considered an admission of damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) ("Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved."). To determine damages, the court can, but is not required to, hold an evidentiary hearing. "Proof of damages ordinarily requires an evidentiary hearing in which the defendant may contest the amount, but a hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages." *Broad. Music, Inc. v. Marler*, No. 1:09–CV–193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009); *see* Fed. R. Civ. P. 55(b)(2) (A district court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

The two-step process set forth in the federal rules is significant in a case such as this one because

> there is a distinction between the appropriate standard for setting aside a *default* and that appropriate for setting aside a *default judgment. See, e.g.,* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2694 (1973). Once a defendant fails to file a responsive answer, he is in *default,* and an entry of *default* may be made by either the clerk or the judge. A *default judgment* can be entered by a clerk only if a claim is liquidated or, if a claim is unliquidated, by the judge after a hearing on damages. A *default* can be set aside under rule 55(c) for "good cause shown," but a default that has become final as a *judgment* can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders.

*Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986) (citing *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)).

Here, Plaintiffs have completed only the first step of default – an entry of default; their Motion for Default Judgment is currently before the Court. Accordingly, the default can be set aside for "good cause shown." In determining whether good cause exists, the court must consider: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992). Although "[a]ll three factors must be considered in ruling on a motion to set aside an entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard,* 796 F.2d at 194.

### A. Defendant's Motion for Relief from Default Judgment

In her Motion, Ms. Aladwan ignores the distinction between the entry of default and a default judgment so she relies on Rule 60(b) for the relief she seeks.[1]

---

[1]Ms. Aladwan's ignorance of the two-step process for default causes her to spend an inordinate amount of her briefing focusing on Rule 55(b)(2), arguing that Plaintiffs were required to provide her with seven days' written notice prior to seeking default judgment. By the plain language of the Rule, 55(b)(2) does not apply to the entry of default; 55(b)(2) applies only to a default judgment. Moreover, even if that section of the rule did apply here, Ms. Aladwan is not entitled to notice before the Plaintiffs' apply for default judgment – she is entitled to "be served with written **notice of the application at least 7 days before the hearing**" on the application. Fed.R. Civ.P. 55(b)(2) (emphasis added).

Nevertheless, her 60(b) arguments are on point because, while there are some differences between setting aside an entry and a judgment, there are some important similarities between the two, including that courts may consider the same factors: whether the party willfully defaulted, whether setting aside the entry of default or default judgment would prejudice the non-movant, and whether the movant has presented a meritorious defense. *Compare*, *United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (to set aside a default judgment under 60(b), the moving party must demonstrate that: (1) its culpable conduct did not cause the default; (2) it has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the default judgment) *with Waifersong, Ltd.*, 976 F.2d at 292 (setting forth elements to set aside an entry of default).

Taking in reverse order the factors to determine whether there is good cause to set aside the entry of default in this case, the Court will start with whether the Plaintiffs will be prejudiced. In support of her Motion, Ms. Aladwan baldly asserts that that "Plaintiff would not be prejudiced in the least by setting aside the judgment." (ECF No. 38, p. 6). However, she provides no facts and makes no legal argument in support of her assertion. For their part, Plaintiffs' claims of prejudice go more to the merits of their claim and Defendant's misconduct in discovery than to prejudice if the Court sets aside the entry of default. (ECF No. 40, p. 7). Prejudice caused by having to continue to prosecute their claims is not the type of prejudice that would cause the Court to let the default entry stand. *See, generally*, *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) ("Nor does increased

7

litigation cost generally support entry of default." Rather, the prejudice inquiry focuses on "the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from defendant's conduct."). Similarly, to the extent that the prejudice to Plaintiffs relates to discovery issues and Defendant's failure to comply with Court Orders, such prejudice can be dealt with by the entry of sanctions or for the entry of judgment on a properly briefed motion. (*See,* ECF No. 39). Plaintiffs will not be prejudiced by setting aside the entry of default in this case.

In concluding that Plaintiffs will not be prejudiced by the setting aside of the default entry, the Court further notes that currently in place is an Agreed Order Granting Plaintiffs' Motion for Preliminary Injunction. (ECF No. 29).

Turning to the second Rule 55(c) consideration, whether the defendant has a meritorious defense, a defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell v. Henderson,* 434 F.3d 826, 834 (6th Cir. 2006) (italics in original) (citations omitted). A defense is meritorious if it is "good at law," regardless of whether the defense is actually likely to succeed on the merits. *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003) (citations omitted). A meritorious defense in the context of setting aside default does not require that a defense be supported by detailed factual allegations – instead, all that is needed is "'a hint of a suggestion' which, proven at trial, would constitute a complete defense." *INVST Fin. Group v. Chem–Nuclear Sys.,* 815 F.2d 391, 399 (6th Cir. 1987) (quoting

8

*Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C. Cir. 1980)). This is because likelihood of success is irrelevant. *Id.* All that matters is whether a well-stated defense, if sustained, would change the outcome.

Ms. Aladwan's Motion did not highlight any specific defenses – she simply states that she denies improperly receiving or utilizing alleged trade secrets belong to Plaintiff. (ECF No. 38, p. 6). Her proposed answer asserts general denials and several affirmative defenses. (ECF No. 38, Ex. 2). Thus, Ms. Aladwan's defenses at this time are, at best, only conclusory in nature. Nevertheless, Ms. Aladwan acted quickly in moving to set aside the default and provided a proposed answer after the Court entered default. Moreover, Ms. Aladwan has made it clear that she disputes the claims, she has defended this case, and any tardiness with regard to filing the answer was not significant. Thus, the Court is satisfied that Defendant has asserted meritorious defenses to the claims against her.

Finally, as to the culpable conduct element of good cause, mere negligence or failure to act reasonably is not enough to sustain a default. "[I]t is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." *Shepard,* 796 F.2d at 194 (citation omitted). Instead, for the defendant to be deemed culpable for the default, she "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on judicial proceedings." *Thompson v. Am. Home Assur. Co.,* 95 F.3d 429, 433 (6th Cir. 1996) (citations omitted); *see also Shepard,* 796 F.2d at 194 (when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it

9

is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead").

On this last factor, the Court does find that Ms. Aladwan's counsel's conduct was careless and inexcusable. In fact, the Court has previously informed defense counsel that deceptive, evasive, and dilatory conduct of himself and his client has resulted in prejudice to Plaintiffs via necessitating the filing of discovery and other motions. (ECF No. 26). The Court also warned defense counsel (with specific instruction to inform his client of the warnings) that further delay and deception on his behalf and/or on behalf of his client could result in sanctions including but not limited to default judgment, contempt and/or monetary penalties. (*Id*.). However, as the Sixth Circuit has counseled:

> When the issue is one of whether to set aside an entry of default so that the "good cause" standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable.

*Shepard*, 796 F.2d at 190 (quoting *Broglie v. Mackay-Smith,* 75 F.R.D. 739, 742 (W.D. Va. 1977)). A default judgment deprives the client of his day in court and should not be used as a vehicle for disciplining attorneys. *Jackson v. Beech*, 636 F.2d 831, 837 (6th Cir. 1980).

Here, despite defense counsel's conduct, the strong policy in favor of deciding cases on their merits leads to the Court **conditionally** granting Ms. Aladwan's Motion.

The granting of Defendant's Motion is conditional under the Court's "inherent power to impose reasonable conditions on setting aside an entry of default

10

in order to limit undue prejudice to the opposing party." *OneMD-Louisville PLLC, LLC v. Digital Med., LLC*, No. 3:19-CV-468-CRS, 2020 WL 2461885, at *9 (W.D. Ky. May 12, 2020) (citation omitted) (holding that equity dictates that Defendant reimburse Plaintiffs' costs and attorney's fees directly related to their motion for entry of default and their motion for default judgment as a condition of setting aside the entry of default); *see also Shepard*, 796 F.2d at 195 (stating that the district court is not precluded "from assessing or determining some appropriate penalty or sanction against the defendant or his counsel for the delay occasioned by [ ] careless and inexcusable conduct. . . ."); *Prime Rate Premium Fin. Corp. v. Larson*, No. 14-12397, 2019 WL 1584557, at *1 (E.D. Mich. Apr. 12, 2019) ("The Court, however, conditioned the setting aside of the defaults and default judgment upon the payment of fees and costs and allowed the plaintiff to submit an affidavit outlining the expenses incurred related to these motions.").

"The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* Thus, "there is no requirement . . . that district courts identify and justify each disallowed hour." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) (citing *New York State Association for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). "Nor is there any requirement that district courts announce what hours are permitted for each legal task." *Id.*

Here, although the Court concludes that Defendant's and defense counsel's conduct does not justify an entry of default, their conduct does warrant sanctions. Plaintiffs have had to incur additional fees in filing applications and motions for default and in responding to Ms. Aladwan's Motion as a result of Defendant's delinquencies. Defendant failed to timely respond to Plaintiffs' Complaint despite a Court order setting a date certain for when her answer was due. Defendant has been previously and expressly warned that further delays could result in sanctions including but not limited to default judgment, contempt and/or monetary penalties but the delays have continued.

Accordingly, the Court hereby conditions setting aside the entry of default on the payment to Plaintiffs of their attorney fees and costs incurred in filing the January 25, 2021 application for entry of default and in responding to Ms. Aladwan's Motion.[2]

Plaintiffs shall file a motion with accompanying documentation of all such expenses **WITHIN SEVEN DAYS** of the date of this Order. Any response to Plaintiffs' Motion shall be limited to arguments concerning the reasonableness of the requested fees and shall be filed **WITHIN SEVEN DAYS** of Plaintiffs' filing.

---

[2] Plaintiffs are not awarded their attorney fees in filing their Motion for Default Judgment (ECF No. 41). There is no deadline for filing such a Motion. Given the Sixth Circuit's clear guidance that courts should decide cases on the merits as opposed to granting default judgments, Plaintiffs could and should have waited for the Court's ruling on Ms. Aladwan's Motion before incurring this additional expense.

12

### B. Plaintiffs' Motion for Default Judgment

Because the Court has granted Defendant's Motion for Relief from Default Judgment, Plaintiffs' Motion for Default Judgment (ECF No. 41) is **DENIED as moot.**

### III. Conclusion

For the reasons set forth above, Plaintiffs shall file a motion with accompanying documentation of their attorney fees and costs incurred in filing the January 25, 2021 application for entry of default and in responding to Ms. Aladwan's Motion **WITHIN SEVEN DAYS** of the date of this Order. Any response to Plaintiffs' Motion shall be limited to arguments concerning the reasonableness of the requested fees and shall be filed **WITHIN SEVEN DAYS** of Plaintiffs' filing. After the Court enters an Order awarding Plaintiffs such fees, Defendant's Motion for Relief from Default Judgment (ECF No. 38) is **GRANTED CONDITIONAL UPON THE PAYMENT TO PLAINTIFF OF SUCH FEES**.

Plaintiffs' Motion for Default Judgment (ECF No. 41) is **DENIED as moot**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT COURT**